# No. 20-17229

## UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

---

**STEVE WILSON BRIGGS,**
*Plaintiff-Appellant*,

v.

**JAMES CAMERON, et al.,**
*Defendants-Appellees.*

---

**DEFENDANTS-APPELLEES JAMES CAMERON, NEWS CORP., TWENTIETH CENTURY FOX FILM CORP., AND LIGHTSTORM ENTERTAINMENT INC.'S <u>MOTION TO TRANSMIT PHYSICAL EXHIBITS OR, IN THE ALTERNATIVE, REQUEST FOR JUDICIAL NOTICE</u>**

---

JASSY VICK CAROLAN LLP
Jean-Paul Jassy (Cal. Bar No. 205513)
Kevin L. Vick (Cal. Bar No. 220738)
Elizabeth Baldridge (Cal. Bar No. 313390)
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Tel: 310-870-7048
Fax: 310-870-7010

*Attorneys for Defendants-Appellees James Cameron, News Corp., Twentieth Century Fox Film Corp. and Lightstorm Entertainment Inc.*

# **INTRODUCTION**

For the Court to review this case on appeal, it must have access to the allegedly infringing material at the heart of Plaintiff-Appellant Steve Wilson Briggs's ("Plaintiff's") copyright action: the motion pictures *Avatar* and *Taken*. Defendants-Appellants James Cameron, News Corp., Twentieth Century Fox Film Corp. and Lightstorm Entertainment Inc. (collectively, "Defendants") provided physical copies of both films to the district court by manually lodging two DVDs as exhibits to Defendants' request for judicial notice. *See Briggs v. Cameron, et al.*, No. 3:20-cv-01596-VC, Dkt. Nos. 54 (Request for Judicial Notice); 55 (Notice of Lodging of Physical Copies of Exhibits A and B); 88 (court-entered, text-only docket entry indicating physical copies of Exhibits A and B were received by the court). In order for this Court to have access to the DVDs for its review, Defendants hereby move, pursuant to Circuit Rule 27-14, for an order permitting Defendants to transmit copies of the physical DVDs of *Avatar* and *Taken* lodged below.

In the alternative, Defendants request that the Court take judicial notice of the DVDs in support of Defendants' concurrently-filed Answering Brief.[1]

---

[1] Whether by instruction of a transmittal order or an order taking judicial notice, Defendants are prepared to provide the Court with copies of the DVDs and serve them on all parties. Based on Circuit Rule 27-14's mandate to not submit physical copies with this Motion, Defendants do not attach any physical items and instead will await the Court's order to submit the DVDs.

## ARGUMENT

**A.     The Court Should Grant Defendants' Motion To Transmit The DVDs For Review On Appeal.**

Circuit Rule 27-14 provides a mechanism for transmitting copies or replicas of physical exhibits where such exhibits are "necessary to resolution of an issue on appeal" and "not currently available on the electronic district court docket." Here, the DVDs of *Avatar* and *Taken* are integral to the appeal in this case, and they exist in the hard copy files – but not on the electronic docket – of the district court. Courts analyzing substantial similarity in a copyright case need access to the allegedly infringing works themselves. *See*, *e.g.*, *Zella v. The E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1128 (C.D. Cal. 2007) (analyzing DVDs of allegedly infringing material submitted to the court); *Silas v. Home Box Office, Inc.*, 201 F. Supp. 3d 1158, 1169 (C.D. Cal. 2016) (finding that court must review actual contents of allegedly infringing work rather than relying on plaintiff's description of the work in the complaint); *Marcus v. ABC Signature Studios, Inc.*, 279 F. Supp. 3d 1056, 1062-1062 (C.D. Cal. 2017) (analyzing DVD of allegedly infringing work).

This Court should use the procedure outlined in Circuit Rule 27-14 to obtain the DVDs it needs for its review. Defendants are prepared to submit

to this Court identical copies of the DVDs they made available in the district court.

### B. In The Alternative, The Court Can And Should Take Judicial Notice Of The DVDs.

As another option for accessing the underlying material at issue, the Court can also take its own judicial notice of the DVDs. Consideration of materials outside the pleadings on review of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is appropriate where the "contents are alleged in a complaint" and "whose authenticity no party questions." *Zella*, 529 F. Supp. 2d at 1128 (internal brackets omitted). Such materials satisfy the Federal Rule of Evidence standard that judicially noticeable matters "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Marcus*, 279 F. Supp. 3d at 1062 (quoting Fed. R. Evid. 201(b)); *see also*, *e.g.*, *Knievel v. ESPN*, 393 F.3d 1068, 1076-1077 (9th Cir. 2005) (taking into consideration CD-ROM of materials referenced in complaint and presented as part of motion to dismiss); *Basile v. Twentieth Century Fox Film Corp.*, 678 Fed. App'x 576, 576-577 (9th Cir. 2017) (affirming dismissal based on lack of substantial similarity and finding no abuse of discretion in taking judicial notice of allegedly infringing materials); *Silas*, 201 F. Supp. 3d at 1169 (taking judicial notice of allegedly infringing material in copyright case).

Here, because Plaintiff purports to describe the contents of the alleged infringing works *Avatar* and *Taken* in his Complaint and Opening Brief, judicial notice of those materials is appropriate. *See* 1-SER-0068-0104; AOB at 21-32. The copies of the films and their contents are not subject to reasonable dispute and are capable of accurate and ready determination. Consistent with Circuit Rule 27-14, Defendants are prepared to submit to this Court identical copies of the DVDs they made available in the district court.

Accordingly, Defendants respectfully request that as an alternative to transmittal of the exhibits from the district court, the Court instead take its own judicial notice of the DVD copies of *Avatar* and *Taken*.

## **CONCLUSION**

For the foregoing reasons, Defendants request that the Court either grant their Motion to Transmit the exhibits of the *Avatar* and *Taken* DVDs from the district court, or otherwise take judicial notice of the DVDs on appeal.

Respectfully submitted,

Dated: March 12, 2021

JASSY VICK CAROLAN LLP

By:    */s/ Jean-Paul Jassy*

4

5

>JEAN-PAUL JASSY
Attorneys for Defendants-Appellees
James Cameron, News Corp., Twentieth
Century Fox Film Corp. and Lightstorm
Entertainment Inc.