No. 20-17229

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

STEVE K. WILSON BRIGGS,

Appellant,

versus

JAMES CAMERON; TWENTIETH CENTURY FOX FILM
CORPORATION; NEWS CORP.; GOOGLE LLC; INTERNET ARCHIVE;
ZERO GRAVITY; LIGHTSTORM ENTERTAINMENT, INC.; MICHAEL
PIERCE; MARK WILLIAMS; ROBERT KAMEN

Appellees.

On Appeal from the United States District Court
for Northern California
The Honorable Vince Chhabria
District Court Case No. 3:20-cv-01596-VC

**Google LLC's Response to Appellant's Opening Brief**

COOLEY LLP
Whitty Somvichian
Katherine E. Green
101 California St, 5TH Fl.
San Francisco, CA 94111
(415) 693-2000 (telephone)
(415) 693-2000 (facsimile)

*Attorneys for Appellee Google
LLC*

245779587

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Defendant-Appellee Google LLC ("Google") discloses that Google is a wholly owned subsidiary of XXVI Holdings Inc., which is a wholly owned subsidiary of Alphabet Inc., a publicly traded company; no publicly traded company holds more than 10% of Alphabet Inc.'s stock.

Dated: March 12, 2021                    COOLEY LLP


                                         By:  *s/ Whitty Somvichian*
                                         _____

                                             Whitty Somvichian

                                             Attorneys for Defendant-Appellee
                                             GOOGLE LLC

245779587

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................ 1

STATEMENT OF JURISDICTION .................................................. 2

STATEMENT OF THE ISSUES .................................................... 3

STATEMENT OF THE CASE........................................................ 4

     I.      BRIGGS' ALLEGATIONS ......................................... 4

          a.    The Alleged Infringement.................................. 4

          b.    The Alleged Cover-Up....................................... 5

          c.    Google's Alleged Involvement. ........................ 6

     II.     BRIGGS' PRIOR LAWSUITS................................. 6

     III.    PROCEDURAL HISTORY ...................................... 8

STANDARD OF REVIEW ............................................................ 10

SUMMARY OF THE ARGUMENT ............................................. 11

ARGUMENT................................................................................. 12

I.    THE DISMISSAL OF BRIGGS' CLAIMS AGAINST
     GOOGLE SHOULD BE AFFIRMED BECAUSE BRIGGS
     OFFERS NO SPECIFIC AND DISTINCT ARGUMENT TO
     REVERSE THE DISTRICT COURT'S RULING. ........................... 12

II.   THE DISTRICT COURT PROPERLY DISMISSED THE
     CONTRIBUTORY COPYRIGHT INFRINGEMENT CLAIM
     AGAINST GOOGLE. ........................................................ 15

III.  THE DISTRICT COURT CORRECTLY CONCLUDED THAT
     BRIGGS FAILED TO ALLEGE THE NECESSARY
     ELEMENTS FOR AN INTENTIONAL
     MISREPRESENTATION CLAIM AGAINST GOOGLE. ............... 18

IV.  THE DISTRICT COURT PROPERLY FOUND THAT BRIGGS
     DID NOT HAVE GROUNDS TO DISQUALIFY THE
     PRESIDING JUDGE........................................................ 21

CONCLUSION............................................................................. 22

245779587

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Adobe Sys. Inc. v. NA Tech Direct Inc*.,
   No. 17-CV-05226-YGR, 2019 WL 5579472 (N.D. Cal. Oct.
   29, 2019) ...................................................................................................16

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...................................................................................17

*Beasley v. Conagra Brands, Inc*.,
   374 F. Supp. 3d 869 (N.D. Cal. 2019)......................................................20

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...................................................................................16

*Briggs v. Blomkamp*,
   No. 4:13-cv-04679-PJH, Dkt. 1 (N.D. Cal. Oct. 8, 2013)...........................7

*Briggs v. Blomkamp*,
   70 F. Supp. 3d 1155 (N.D. Cal. 2014)........................................................7

*Briggs v. Cameron, et al;*
   *No. 3:20-cv-01596-VC*, ECF No. 31 (N.D. Cal.) .........................................8

*Briggs v. Sony Pictures, Entm't, Inc*.,
   714 Fed. App'x 712 (9th Cir. 2018), *cert. denied*, 139 S. Ct.
   233 (2018)....................................................................................................7

*Briggs v. Spacey, et al.;*
   *No. 3:18-cv-04952-VC*, ECF No. 1 (N.D. Cal.) ...........................................8

*Briggs v. Universal Pictures*, et al.,
   No. 3:17-cv-06552-VC, ECF No. 1 (N.D. Cal.)......................................7, 8

*Brown v. Rawson-Neal Psychiatric Hosp.*,
   840 F.3d 1146 (9th Cir. 2016) ..................................................... 12, 14, 15

*Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
   637 F.3d 1047 (9th Cir. 2011) ...................................................................19

iii

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Ebeid ex rel. United States v. Lungwitz*,
  616 F.3d 993 (9th Cir. 2010) ........................................................19

*Frank v. Schultz*,
  808 F.3d 762 (9th Cir. 2015) (per curiam) ......................................... 12, 14

*Greenwood v. F.A.A.*,
  28 F.3d 971 (9th Cir. 1994) ........................................................ 12, 13, 15

*Horphag Research Ltd. v. Garcia*,
  475 F.3d 1029 (9th Cir. 2007) ..................................................... 12, 14

*In re Napster, Inc. Copyright Litig.*,
  377 F. Supp. 2d 796 (N.D. Cal. 2005)................................................. 15, 16

*Indep. Towers of Wash. v. Washington*,
  350 F.3d 925 (9th Cir. 2003) .......................................................13

*Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*,
  658 F.3d 936 (9th Cir. 2011) .......................................................16

*Matter of Beverly Hills Bancorp*,
  752 F.2d 1334 (9th Cir. 1984) .....................................................22

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
  494 F.3d 788 (9th Cir. 2007) .......................................................17

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011) .....................................................10

*United States v. Hernandez-Escarsega*,
  886 F.2d 1560 (9th Cir. 1989) .......................................................... 11, 21

*United States v. Studley*,
  783 F.2d 934 (9th Cir. 1986) .......................................................21

*United States v. Ullah*,
  976 F.2d 509 (9th Cir. 1992) .......................................................14

*Yastrab v. Apple Inc.*,
  173 F. Supp. 3d 972 (N.D. Cal. 2016)...............................................18

iv

# TABLE OF AUTHORITIES
### (continued)

**Page**

**Statutes**

28 U.S.C.
§ 144 ................................................................................................21
§ 455 ................................................................................................21
§ 1291 ...............................................................................................2
§ 1331 ...............................................................................................2
§ 1338(a) ..........................................................................................2
§ 1367 ...............................................................................................2

**Other Authorities**

FRAP 28(i)........................................................................................16

Rule 8 ................................................................................... 11, 18, 19

Rule 9(b) ............................................................................... 11, 18, 19

Rule 12(b)(6)....................................................................................10

245779587

# INTRODUCTION

This action is the latest in a series of lawsuits filed by pro se Plaintiff-Appellant Steve K. Wilson Briggs ("Briggs") alleging that various well-known films were purportedly copied from his original screenplay. All of Briggs' prior lawsuits were dismissed with prejudice, and the dismissals were affirmed through multiple rounds of appeal. This most recent installment of his serial lawsuits involves the well-known movies *Avatar* and *Taken* and includes, for the first time, claims against Defendant-Appellee Google LLC ("Google"). While it is difficult to tease out a coherent theory against Google from Briggs' complaint (the "Complaint")—which spans some 684 paragraphs and hundreds of pages of incomprehensible allegations—the gist seems to be that Google helped other Defendants steal Briggs' copyrighted screenplay by suppressing certain content from Google search results and by helping to create a false record that the *Avatar* screenplay predated Briggs' work.

This Court should uphold the District Court's order (the "Order") dismissing Briggs' claims for copyright infringement and intentional misrepresentation against Google for two primary reasons: First, Briggs' failure to raise any specific and distinct argument regarding the claims

directed at Google in his opening brief renders those claims waived. Briggs'
appeal essentially ignores the aspects of the District Court's decision
pertaining to Google, choosing instead to simply parrot the allegations against
Google from his complaint. As such, Briggs falls far short of carrying his
burden to present the Court with legal arguments supporting his appeal.

Second, Briggs' Complaint, much like his appeal, is unintelligible and
cannot articulate cognizable claims for either contributory copyright
infringement or intentional misrepresentation against Google based on the
alleged facts presented. Thus, even if this Court were to examine the Order
below on its merits, there is no question the District Court properly dismissed
all claims against Google, recognizing that Briggs' factual allegations
regarding Google's involvement were implausible and the legal theories
unsupportable as a matter of law.

## STATEMENT OF JURISDICTION

The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1338(a),
and 1367. This Court has jurisdiction under 28 U.S.C. § 1291, as this is an
appeal from a final decision of the District Court granting Google's motion to
dismiss, disposing all claims, and entering judgement in its favor. Briggs'

245779587

notice of appeal from the District Court's October 16, 2020, Order was timely filed on November 12, 2020.

## STATEMENT OF THE ISSUES

I.   Whether Briggs waived his appeal of the claims for contributory copyright infringement and intentional misrepresentation against Google by failing to address those claims in his opening brief.

II.  Should the Court determine that Briggs did not waive his appeal on the claim, whether the Order adopted by the District Court was correct in ruling that Briggs failed to state a claim for contributory copyright infringement against Google.

III. Should the Court determine that Briggs did not waive his appeal on the claim, whether the Order adopted by the District Court was correct in ruling that Briggs failed to state a claim for intentional misrepresentation.

IV.  Whether the District Court erred in denying Briggs' motion to disqualify the presiding judge on the grounds that rulings in Briggs' prior cases are insufficient to constitute bias or prejudice.

245779587

## STATEMENT OF THE CASE

### I.  BRIGGS' ALLEGATIONS

While much of Briggs' complaint borders on unintelligible, his claims against Google appear to be based on the following allegations.

### a.  The Alleged Infringement.

In 2005, Briggs completed a script for a movie titled *Butterfly Driver* or *Uberopolis: City of Light* ("*Butterfly Driver*") (SER-17 ¶ 1.) On January 20, 2006, Briggs sent the *Butterfly Driver* script to literary agency ZGM, owned by Defendants Michael Pierce and Mark Williams, and in December 2006 or January 2007, Briggs posted a revised version of the script on the website Triggerstreet.com. (SER-18, 41, 73 ¶¶ 2, 131, 287.) Briggs alleges that the "Defendants" (he does not specify which) accessed the *Butterfly Driver* script through ZGM and Triggerstreet.com. (SER-73 ¶ 287.) Briggs further alleges both that Defendant-Appellees Twentieth Century Fox and James Cameron copied *Butterfly Driver* to make the 2009 movie *Avatar* (SER-3, 25, 47, 70, 74 ¶¶ 1, 47, 176, 264, 290) and that Defendant-Appellees Twentieth Century Fox and Robert Kamen copied *Butterfly Driver* to make the 2008 movie *Taken*. (SER-107 ¶ 447.)

4

### b. The Alleged Cover-Up.

Briggs alleges that in 2019 he began researching the origins of the movie *Avatar* and found an allegedly fraudulent article dated February 3, 2006, that claimed that James Cameron wrote a scriptment for *Avatar* around 1995, with the scriptment leaking online in 1996. (SER-17, 20-21, 25 ¶¶ 3, 20, 27, 47.) Briggs believes the article was fabricated to create the false impression that the *Avatar* script predated Briggs' work. (SER-19 ¶ 11.) Briggs alleges that between 2008 and 2019, the Defendant-Appellees (he does not specify which) published 14 additional fraudulent articles discussing James Cameron's development of *Avatar* and created two web pages that were said to be the source of the leaked *Avatar* scriptment, all to support the allegedly falsified story that *Avatar* was developed about a decade before Briggs completed his *Butterfly Driver* script. (SER-37, 49 ¶ 117, 181.)

Briggs alleges that Defendant-Appellee Internet Archive ("IA"), a digital library that crawls web pages on the Internet and archives historical versions of pages that users can search, assisted the fraud by producing fake "crawls" of these fraudulent web pages. (SER-17, 20-21, 25 ¶¶ 3, 51.) Although not clearly stated, Briggs seems to allege that IA apparently created

these fake crawls as part of the overall scheme of creating a false record that the *Avatar* script predated Briggs' work.

### c. Google's Alleged Involvement.

Google's alleged involvement in the alleged scheme is even more opaque. First, Briggs alleges that Google's Chrome browser displayed a "false URL" when he searches for certain historical versions of web pages on IA. (SER-122 ¶ 513.) Second, Briggs alleges that Google suppressed certain content about his prior litigation and his film projects from appearing in Google Search results, while allowing other content regarding *Avatar* to appear as "the top match" in certain searches. (SER-81 ¶¶ 325-26.) Third, Briggs claims that Google infected his computer with "NahimicService spyware" by sending him a marketing email from Google Express. (SER-80 ¶ 323) Finally, Briggs claims that he caught "Defendants" on video making an "incriminating web page disappear" because "they were listening and monitoring [Briggs'] computer screen, as he narrated [his] videos." (SER-123 ¶ 518.) None of the foregoing allegations are supported by facts.

## II. BRIGGS' PRIOR LAWSUITS

The present case does not occur in a vacuum but should be considered in the context of Briggs' ongoing lawsuits over similar issues, which have

6

been rejected by every court to consider them. Indeed, this is Briggs' fourth lawsuit alleging copyright infringement of his *Butterfly Driver* script. On October 8, 2013, Briggs filed a copyright infringement complaint against several individuals and entertainment companies, including Sony Pictures Entertainment, Inc., alleging that the defendants' film *Elysium* infringed on *Butterfly Driver*. *Briggs v. Blomkamp*, No. 4:13-cv-04679-PJH, Dkt. 1 (N.D. Cal. Oct. 8, 2013). On October 3, 2014, the District Court granted the defendants' motion for summary judgment, based on Briggs' failure to offer any evidence of infringement. *Briggs v. Blomkamp*, 70 F. Supp. 3d 1155 (N.D. Cal. 2014). On February 28, 2018, the Ninth Circuit affirmed. *Briggs v. Sony Pictures, Entm't, Inc*., 714 Fed. App'x 712 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 233 (2018).

On November 13, 2017, while Briggs' Ninth Circuit appeal of the first case was still pending, he filed *Briggs v. Universal Pictures*, et al., No. 3:17-cv-06552-VC, ECF No. 1 (N.D. Cal.), asserting fourteen claims and naming twenty-three defendants. On April 25, 2018, the case was dismissed without prejudice because Briggs failed to show good cause for his failure to serve the parties against whom federal claims were asserted, and the Court declined to

245779587

exercise supplemental jurisdiction over the remaining claims. *Id*., ECF No. 76.

On August 15, 2018, Briggs filed a third lawsuit with ten causes of action, including civil conspiracy and copyright infringement, all of which were included in Briggs' November 13, 2017 lawsuit. *Briggs v. Spacey, et al.; No. 3:18-cv-04952-VC*, ECF No. 1 (N.D. Cal.). The court granted defendants' motion to dismiss this complaint with prejudice, finding Briggs' claims against defendants present in his first lawsuit were precluded and the remaining claims failed to state a claim. *Id*., ECF No. 90.

## III. PROCEDURAL HISTORY

Briggs initiated the current action against Defendant-Appellees on March 4, 2000. As to Google, Briggs alleges claims for contributory copyright infringement[1] and intentional misrepresentation. (SER-127, 131-132 ¶¶ 618-23, 653-62.)

On May 22, 2020, Google moved to dismiss all claims against it. *Briggs v. Cameron, et al; No. 3:20-cv-01596-VC*, ECF No. 31 (N.D. Cal.). In

---

[1] Although the heading in the Complaint for Briggs' first cause of action indicates he alleges copyright infringement against all Defendant-Appellees (SER-125 ¶ 603), the Complaint, as well as Briggs' Opposition to Google's Motion to Dismiss, clearly states that Google did not engage in direct copyright infringement. (SER-127 ¶ 621; SER-12)

June 2020, Defendant-Appellees James Cameron, Lightstorm Entertainment Inc., News Corp, Twentieth Century Fox Film Corp. (the "Twentieth Century Fox" Defendant-Appellees"), InteDktrnet Archive, and Michael Pierce all filed motions to dismiss as well. *Id*., ECF Nos. 53, 63, 67.

On June 23, 2020, Judge William H. Orrick entered an order recusing himself from the case, which was then reassigned to Judge Vince Chhabria, who had presided over Briggs' prior copyright infringement case described above. *Id*., ECF No. 60. On June 29, 2020, Briggs moved to disqualify Judge Chhabria, on the grounds that the judge would be biased against him due to his involvement in Briggs' prior case. *Id*., ECF No. 68.

On October 16, 2020, the District Court issued an Order granting all Defendants' motions to dismiss and denying Briggs' motion to disqualify. (ER-11-16.) Specifically with respect to Google, the District Court found that Briggs' *Butterfly Driver* screenplay was not substantially similar to the movies *Avatar* and *Taken* as a matter of law and thus dismissed the contributory infringement claim against Google, given the absence of any direct copyright infringement. (ER-12-13.)

The District Court similarly dismissed Briggs' intentional misrepresentation claim against Google, on the grounds that Briggs had not

245779587

alleged facts to support his theory of misrepresentation. Specifically, the claim was premised on Google's statement regarding its provision of services, but Briggs did not allege facts to show that those statements were false; instead, Briggs alleged that Google engaged in hacking and other actions falling outside of its provision of services. (ER-14.) The District Court further found that the factual and legal assertions supporting Briggs' intentional misrepresentation claim were implausible, explaining as follows:

> Viewed in isolation, the factual and legal assertions underlying these claims appear frivolous. But now that the copyright claim has been adjudicated definitively against Briggs, it becomes even more clear that he cannot possibly prevail on these ancillary claims. It is implausible that a complex web of intentional misrepresentations, breaches of contract, and breaches of confidence occurred in concealing the use of Briggs's screenplay when there was clearly no copyright infringement that required hiding.

(ER-14-15.)

The District Court also denied Briggs' Motion to Disqualify Judge Chhabria, finding that Briggs' failed to show that recusal was warranted.

## STANDARD OF REVIEW

This Court reviews de novo a district court's dismissal of a complaint under Rule 12(b)(6) for failure to state a claim. *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011).

10

This Court reviews denial of a motion to disqualify for abuse of discretion. *United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1581 (9th Cir. 1989).

## SUMMARY OF THE ARGUMENT

The Court should affirm the District Court's grant of Google's Motion to Dismiss. As an initial matter, Briggs has waived any challenge to the dismissal of his contributory copyright infringement and intentional misrepresentation claims against Google by failing to raise any issues regarding these claims in his opening brief. Even if the Court considers these claims on their merits, the District Court's order should be affirmed because the Court correctly found that Briggs' allegations were insufficient as a matter of law. First, Briggs failed to state a contributory copyright infringement claim because he did not allege that Google had knowledge of, or materially contributed to or induced, any infringing activity. Second, Briggs failed to state a claim for intentional misrepresentation because the allegations underlying the claim are riddled with inconsistencies and fail to meet the basic standard of plausibility of Rule 8, let alone the heightened pleading requirements that apply under Rule 9(b).

11

The Court should also affirm the District Court's denial of Briggs'
motion to disqualify Judge Chhabria as Briggs' allegations regarding bias and
prejudice are based wholly on rulings in his prior infringement cases, which
are legally insufficient to require recusal.

## ARGUMENT

### I. THE DISMISSAL OF BRIGGS' CLAIMS AGAINST GOOGLE SHOULD BE AFFIRMED BECAUSE BRIGGS OFFERS NO SPECIFIC AND DISTINCT ARGUMENT TO REVERSE THE DISTRICT COURT'S RULING.

As this Court cautions appellants seeking review: "We review only
issues which are argued specifically and distinctly in a party's opening brief."
*Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994). Although the Court
"has discretion . . . to consider an argument not raised in the opening brief, it
is not obligated to do so," and "generally do[es] not" do so. *Brown v. Rawson-
Neal Psychiatric Hosp.*, 840 F.3d 1146, 1148 (9th Cir. 2016). This standard
applies to cases brought by *pro se* plaintiffs. *See Frank v. Schultz*, 808 F.3d
762, 763 n.3 (9th Cir. 2015) (per curiam) (holding that a *pro se* plaintiff
waived an issue by not raising it in his opening brief); *Horphag Research Ltd.
v. Garcia*, 475 F.3d 1029, 1038 (9th Cir. 2007) (same). The Court should
follow that usual course here and find that Briggs waived any argument
regarding his contributory copyright infringement and intentional

12

misrepresentation claims against Google by failing to raise them in his opening brief.

Briggs' opening brief makes no mention of his contributory copyright infringement claim or the District Court's dismissal of it—indeed the words "contributory infringement" do not appear anywhere in the pleading. Nor does Briggs address the District Court's dismissal of his intentional misrepresentation claim against Google, referring only to the distinct misrepresentation theories directed at other Defendants.

While the opening brief contains stray references to Google's supposed manipulation of Chrome search results, *see* Opening Brief at 42-44, these references simply parrot allegations from the complaint, and Briggs offers no argument to support reversing the District Court's dismissal of his claims. These passing references to Google fall far short of triggering appellate review because "[i]t is [Plaintiff's] burden on appeal to present the court with legal arguments to support [his] claims." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 930 (9th Cir. 2003). *See also Greenwood*, 28 F.3d at 977 ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when, as here, a host of other issues are presented for review."); *Indep. Towers*, 350 F.3d at 930 (explaining

13

that the Court should "decline to pick through" a plaintiff's allegations "in an effort to match" those assertions with a "theory not articulated to [the Court].").

Nothing about this case, including that Briggs filed his opening brief *pro se*, warrants deviation from the Court's usual practice of declining to "consider issues that are not raised in the appellant's opening brief." *Brown*, 840 F.3d at 1148; *see Frank*, 808 F.3d at 763 n.3 (declining to consider issues not raised in a *pro se* plaintiff's opening brief); *Horphag*, 475 F.3d at 1038 (same). Briggs has had no shortage of opportunities to pursue any and all issues he wishes to raise regarding his purported screenplays, as evidenced by his multiple prior lawsuits and the many hundreds of pages of briefs and exhibits filed below and before this Court. The fact that this appeal focuses only on some of the claims below while ignoring others thus seems to reflect a conscious choice and not any inadvertence or inability on the part of Briggs. Under these circumstances, holding that Briggs waived his claims would not be "manifestly unjust." *Brown*, 840 F.3d at 1149 (quoting *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992)). Importantly, as in *Brown*, the present case "does not involve a criminal defendant who will lose his liberty if [the Court] do[es] not exercise [its] discretion. Rather, [the] case involves a

14

civil appellant who tiptoed around a central issue in his opening brief." *Id.*
That is precisely the circumstance in which this Court typically finds a
waiver.

Because Plaintiff "fail[ed] to present a specific, cogent argument" to
reverse dismissal of his claims against Google, this Court should find that
Plaintiff has waived those claims. *Greenwood*, 28 F.3d at 977.

## II. THE DISTRICT COURT PROPERLY DISMISSED THE CONTRIBUTORY COPYRIGHT INFRINGEMENT CLAIM AGAINST GOOGLE.

Even if the Court were to consider Briggs' contributory copyright
infringement claim against Google on the merits, the Court should affirm the
District Court's dismissal, as Briggs' Complaint does not meet the standard
necessary to plead such a claim. To state a viable claim for contributory
copyright infringement, Briggs had to allege facts showing "(1) direct
infringement by a third party; (2) actual or constructive knowledge by the
defendant that third parties were directly infringing; and (3) a material
contribution by the defendant to the infringing activities." *In re Napster, Inc.
Copyright Litig.*, 377 F. Supp. 2d 796, 801 (N.D. Cal. 2005). Briggs'
Complaint, however, meets none of these requirements.

245779587

First, Briggs failed to allege a cogent claim for direct copyright infringement of his *Butterfly Driver* script for all the reasons explained in Twentieth Century Fox's answering brief.[2] And without a showing of direct infringement, there of course cannot be a claim for contributory infringement. *Id.*.

Second, the Complaint does not allege facts to show Google possessed the knowledge required to be contributorily liable for the alleged copyright infringement. Contributory copyright infringement requires "actual or constructive knowledge" that third parties were directly infringing. *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 943 (9th Cir. 2011); *Adobe Sys. Inc. v. NA Tech Direct Inc.*, No. 17-CV-05226-YGR, 2019 WL 5579472, at *6 (N.D. Cal. Oct. 29, 2019) (quoting *In re Napster, Inc.*, 377 F. Supp. 2d at 801).

Here, Briggs simply asserts, with no explanation, that Google "had clear knowledge of the infringing Defendants' infringement of Briggs' work." (Compl. ¶ 621.) That conclusory assertion is not enough. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) ("a formulaic recitation of the elements

---

[2] Pursuant to FRAP 28(i), Google adopts by reference Section VIA of Twentieth Century Fox's answering brief addressing this issue, to avoid presenting redundant argument to the Court.

245779587

of a cause of action will not do"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Third, Briggs fails to allege that Google materially contributed to any act constituting infringement. Material contribution requires a "direct connection" to the infringing activity. *See Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 796-801 (9th Cir. 2007).

In *Perfect 10, Inc.*, Plaintiff alleged that credit card companies contributorily infringed its copyrighted images by processing credit card charges incurred by customers to acquire infringing images posted on other websites. *Id.* at 796-97. The Ninth Circuit upheld dismissal of the contributory infringement claim, finding that the credit card companies had not materially contributed to infringement of plaintiff's images because although the credit card companies made it easier for websites to profit from infringing activity, infringement rested on the "reproduction, alteration, display and distribution" of plaintiff's images, which the credit card companies played no part in, and which could occur without payment. *Id*. The court further reasoned, "[e]ven if infringing images were not paid for, there would still be infringement." *Id*.

17

Here, all of Briggs' allegations regarding Google involve the purported interference with Briggs' investigation in 2019 into the creation of the movie *Avatar*. However, Briggs' copyright infringement claim rests on the alleged use of Briggs' work in the movies *Taken* and *Avatar*, which premiered over a decade earlier in 2008 and 2009 respectively. Thus, even if one accepts Briggs' unsupported allegations that Google manipulated search results regarding James Cameron's development of *Avatar* and infected Briggs' computer with spyware in 2019, neither of those actions could have possibly induced or facilitated the alleged infringing acts occurring years earlier.

## III. THE DISTRICT COURT CORRECTLY CONCLUDED THAT BRIGGS FAILED TO ALLEGE THE NECESSARY ELEMENTS FOR AN INTENTIONAL MISREPRESENTATION CLAIM AGAINST GOOGLE.

Briggs' intentional misrepresentation claim is equally meritless. To state a claim for intentional misrepresentation, Briggs must plead "(1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud or to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Yastrab v. Apple Inc.*, 173 F. Supp. 3d 972, 977–78 (N.D. Cal. 2016). Because the claim is grounded in fraud, Briggs must meet not only Rule 8's plausibility standard but also Rule 9(b)'s heightened pleading standard by identifying "the who, what, when, where, and how of the misconduct charged," as well as "what is

18

false or misleading about [the purportedly fraudulent] statement, and why it is false." *Cafasso v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)).

Briggs' allegations fail to meet even the basic standard of Rule 8, let alone the heightened particularity requirements of Rule 9(b). First, Briggs' claim suffers from fundamental disconnects between the alleged misstatement and the purported harm Briggs suffered. Specifically, Briggs' intentional misrepresentation claim is based on a Google statement that: "We provide our Services using a commercially reasonable level of skill and care." (SER-154 ¶ 653.) But the Complaint does not allege that Google provided any "Service" with inadequate "skill and care" but rather that Google engaged in hacking and other alleged improper actions that were completely outside of its normal provision of "Services."

Moreover, Briggs states he was harmed by Google's representation because "it was the basis for Briggs joining Google LLC's 'Gmail'." (SER-155 ¶ 661.) But Google's alleged wrongdoing, according to the Complaint, involves search results on Google Search and the display of URLs in Google Chrome—not Gmail. These factual allegations do not tie to, and thus do not

19

support, Briggs' intentional misrepresentation theory. The District Court properly recognized that this disconnect mandates dismissal of Briggs' claim.

Second, Briggs' Complaint contains numerous wild allegations that Briggs claims are relevant to his misrepresentation claim. But these allegations are unsupported and implausible on their face. For example, Briggs speculates that his computer was infected by spyware sent by Google in order to facilitate the hacking of his computer by Defendant-Appellees. (SER-57-58 ¶ 323.) But Briggs' assumption is unsupported by any facts and ignores the numerous other ways that the alleged spyware could have been installed on his computer, particularly given his extensive Internet browsing activity as reflected in the Complaint. (*See eg.* SER-49-61 ¶¶ 181-232.) The Court should not credit Briggs' unsupported assertions, which are implausible on their face. *Beasley v. Conagra Brands, Inc*., 374 F. Supp. 3d 869, 874 (N.D. Cal. 2019) (noting that a court should apply its "judicial experience and common sense" to determine if a plaintiff's allegations support a "plausible" claim) (citation omitted).

As the District Court aptly explained, because there is no plausible showing of copyright infringement in the first place, "[i]t is implausible that a complex web of intentional misrepresentations, breaches of contract, and

20

breaches of confidence occurred in concealing the use of Briggs' screenplay when there was clearly no copyright infringement that required hiding." (ER-14-15.)

## IV. THE DISTRICT COURT PROPERLY FOUND THAT BRIGGS DID NOT HAVE GROUNDS TO DISQUALIFY THE PRESIDING JUDGE.

Under 28 U.S.C. § 455, recusal is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (citations omitted). A party seeking the disqualification must "state the facts and the reasons for the belief that bias or prejudice exists." 28 U.S.C. § 144. The bias or prejudice must stem from an extrajudicial source. *Hernandez–Escarsega*, 886 F.2d at 1581, *cert. denied*, 110 S.Ct. 3237 (1990).

Briggs' motion to disqualify Judge Chhabria fails to meet these threshold requirements. Briggs' allegations regarding bias and prejudice are based wholly on Judge Chhabria's rulings in Briggs' prior infringement cases. (*See* Opening Brief 38-39 "Judge Chhabria's Judgment in Briggs v. Spacey showed extreme bias in favor of the defendants . . .") This cannot form the basis for bias or prejudice as a matter of law and would not lead a reasonable person to conclude that such bias or prejudice exists. *Hernandez–Escarsega*,

245779587

886 F.2d at 1581. As this Court has explained, "[u]nfavorable rulings alone are legally insufficient to require recusal, even when the number of such unfavorable rulings is extraordinarily high on a statistical basis." *Matter of Beverly Hills Bancorp*, 752 F.2d 1334, 1341 (9th Cir. 1984) (internal citation omitted).

## CONCLUSION

For the reasons discussed above, Google respectfully requests that this Court affirm the District Court's order granting its motion to dismiss and denying Briggs' motion to disqualify the presiding judge.

Dated:  March 12, 2021                        COOLEY LLP


                                              By: s/ Whitty Somvichian
                                                   Whitty Somvichian

                                              *Attorney for Appellee Google LLC*

22

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on March 12, 2021.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.


Dated: March 12, 2021           s/ Whitty Somvichian
                                        Whitty Somvichian

245779587

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
### Form 8. Certificate of Compliance for Briefs

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** No. 20-17229

I am the attorney or self-represented party.

**This brief contains** 4,286 **words**, excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

◉ complies with the word limit of Cir. R. 32-1.

○ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

○ is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

○ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

○ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one):*

    ○ it is a joint brief submitted by separately represented parties;

    ○ a party or parties are filing a single brief in response to multiple briefs; or

    ○ a party or parties are filing a single brief in response to a longer joint brief.

○ complies with the length limit designated by court order dated _____ .

○ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/ Whitty Somvichian  **Date** 03/12/2021

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8**  *Rev. 12/01/2018*