Clerk of the Court, Ninth Circuit Court of Appeals
**Circuit Rule 36-4 Request to Publish** No. 20-17229, *Briggs v. Cameron*[1]

Esteemed Clerk, counsel, and Mr. Briggs,

Non-party nonlawyer Lukashin respectfully requests, *pro se*, that this Court publish its *Briggs* memorandum.

*Compare* with *e.g.* **Schwake v. Arizona Bd. of Regents**, 967 F.3d 940, 948 n. 7 (9th Cir. 2020)[2], allowing a twice-represented appellant's new argument, supported by *Padgett*, and note that variations of the following categorical bar are in many unpublished decisions featuring *pro se* appellants, including *Briggs*, p. 3:

> We do not consider matters not specifically and distinctly raised and argued in an appellant's opening brief or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009)

*See e.g. Davis v. Washington State DOC*, No. 17-35943, p. 5 (9th Cir. Aug. 19, 2021)[3]; *Kagel v. Raftery*, No. 20-17351 (9th Cir. July 21, 2021)[4]; *Rios v. Warden*, No. 18-16647, pp. 2–3 (9th Cir. July 23, 2021)[5]; *Khan v. Rogers*, No. 20-15202, p. 2 (9th Cir. July 26, 2021)[6]; *Barren v. Neven*, No. 19-16852, p. 2 (9th Cir. July 29, 2021)[7].

---

[1] http://cdn.ca9.uscourts.gov/datastore/memoranda/2021/10/20/20-17229.pdf
[2] https://scholar.google.com/scholar_case?case=9641139468298152128&
"We reject the University's assertion that Schwake waived this argument. Although we generally treat arguments not raised in an opening brief as waived, we decline to follow that rule here because the original counsel who filed the opening brief withdrew from representation. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) ("We will not … review an issue not raised below unless necessary to prevent manifest injustice." (citation omitted)). Our court appointed pro bono counsel for Schwake, who filed Schwake's supplemental brief that raised this argument"
[3] https://cdn.ca9.uscourts.gov/datastore/memoranda/2021/08/19/17-35943.pdf ; "decline to" instead of "do not"
[4] http://cdn.ca9.uscourts.gov/datastore/memoranda/2021/07/21/20-17351.pdf (publication requested)
[5] https://cdn.ca9.uscourts.gov/datastore/memoranda/2021/07/23/18-16647.pdf
[6] https://cdn.ca9.uscourts.gov/datastore/memoranda/2021/07/26/20-15202.pdf
[7] https://cdn.ca9.uscourts.gov/datastore/memoranda/2021/07/29/19-16852.pdf

Notably, panels including Judge Bumatay that cited to *Padgett* included *Schwake* and *Briggs, supra*; but also **Momox-Caselis v. Donohue**, 987 F.3d 835, 841–42 (9th Cir. 2021)[8] plus 19 other unpublished October 2021 dispositions[9]. Direct conflict of **Briggs** with **Schwake** and **CRW**, *infra*, needs to be addressed.

Furthermore, Judge Bumatay was recently a member of the 2-1 majority in **California River Watch v. City of Vacaville**, No. 20-16605 (9th Cir. Sep 29, 2021)[10] ("*CRW*"), *pet. for en banc rehearing filed* (Nov. 3, 2021), declining to find forfeiture, pp. 6–8, even though Judge Tashima's dissent would have found a waiver, pp. 25–26:

> As we explained in *Baccei v. United States*, 632 F.3d 1140, 1149 (9th Cir. 2011), "[a]bsent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal." Although we have discretion to consider such arguments in exceptional circumstances, "we will not reframe an appeal to review what would be in effect a different case than the one decided by the district court." Id. That is the case here. River Watch argues that the district court erred, but it did no such thing. It properly granted summary judgment to the City based on the arguments the parties actually presented to it. The district court should not be faulted for failing to address the merits of a legal theory that River Watch expressly disclaimed below.

The court's discretionary decision to "do not consider" in *Briggs* and hundreds of other *pro se* appeals should have a clear, explicitly articulated standards, as otherwise it is indicative of judicial abandonment, *cf.* **US v. Barnes**, 895 F.3d 1194, 1200–01 (9th

---

[8] https://scholar.google.com/scholar_case?case=3022975408560800779&

[9] https://scholar.google.com/scholar?hl=en&as_sdt=5%2C114%2C129&sciodt=4%2C114%2C129&cites=15067748534530106728&scipsc=1&q=%2BBumatay&btnG= targeting *pro se* appellants

[10] https://scholar.google.com/scholar_case?case=13099391040545312174& ; https://cdn.ca9.uscourts.gov/datastore/opinions/2021/09/29/20-16605.pdf

Cir. 2018)[11]; *cf. also* **United States v. Cook**, No. 20-13293 (11th Cir. May 27, 2021)[12] (This boilerplate ["fully advised in the premises"], however, provides no insight into the district court's reasoning). Clarification of the analysis and factors for the decision <u>not to consider,</u> in a substituted published opinion, is fully warranted.

*Cf. also* **State v. Rogers**, 487 P. 3d 177, 179, 185 (Wash. App. 2021)[13] ("standardless and unreviewable sentencing could both allow arbitrary and biased decision-making"; "such decisions must be capable of being entertained on appellate review"); *accord* **US v. Young**, No. 19-4198-cr, pp. 11, 23–24 (2nd Cir. 2021)[14] (""[w]e cannot uphold a discretionary decision unless we have confidence that the district court exercised its discretion and did so on the basis of reasons that survive our limited review." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc)"); **USA v. Julius Stevens**, 997 F. 3d 1307, 1311, 1317 (11th Cir. 2021)[15] (same). *See also* **E. Schoenberg v. FBI**, 2 F. 4th 1270, 1276–78 (9th Cir. June 30, 2021)[16] (reviewing, for abuse of discretion, how a court analyzed and balanced four specific individual factors, where relevant decision was "within the sound discretion"); **Flores v.**

---

[11] https://scholar.google.com/scholar_case?case=1423701749448453627&
[12] https://scholar.google.com/scholar_case?case=1937429052502692102&
[13] https://scholar.google.com/scholar_case?case=17096157284348131886& ; https://www.courts.wa.gov/opinions/pdf/804049.pdf
[14] https://scholar.google.com/scholar_case?case=14930560332487872726& ; 998 F.3d 43
[15] https://scholar.google.com/scholar_case?case=48794306493307683331&
[16] https://cdn.ca9.uscourts.gov/datastore/opinions/2021/06/30/20-55607.pdf ; https://scholar.google.com/scholar_case?case=14286994047790490599&

***Garland***, No. 19-1591, pp. 2, 18–19, 32 (4th Cir. June 29, 2021)[17] (en banc); and ***US v. Perez-Paz***, 3 F. 4th 120, 127–28 (4th Cir. 2021)[18]. *Cf. also* ***Eychaner v. Chicago***, 141 S. Ct. 2422, 2423–24 (U.S. July 2, 2021) (Thomas, J., dissenting)[19]:

> Failure to step in today not only disserves the Constitution and our precedent, but also <u>leaves in place a legal regime that benefits "those citizens with disproportionate influence and power</u> in the political process, including large corporations and development firms." *Kelo*, 545 U. S., at 505 (O'Connor, J., dissenting). This case is a prime example… I think that, if our doctrine makes it difficult to discern public use from private favors, we should grant certiorari to provide some much needed clarity. (portion omitted, emphasis added)

"[P]ublic access … plays a positive role in the functioning of the judicial process",

***Courthouse News Service v. Schaefer***, 2 F. 4th 318, 326–27 (4th Cir. 2021)[20]:

> The Supreme Court has recognized that openness of the judicial process — especially through the press's reporting — "affords citizens a form of legal education and hopefully promotes confidence in the fair administration of justice." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 572 (1980) (plurality opinion) (quoting *State v. Schmitt*, 139 N.W.2d 800, 807 (1966)). And access allows the public to "participate in and serve as a check upon the judicial

---

[17] https://scholar.google.com/scholar_case?case=4180527412513308922& ; https://www.ca4.uscourts.gov/opinions/191591A.P.pdf ; "Although we owe deference to the BIA, that deference is not blind. Here, where the agency contravened prevailing case law, disregarded crucial evidence, and <u>failed to explain its decisions</u>, we are compelled to grant the petition for review, vacate the immigration court decisions, and remand to the agency for further proceedings." (emphasis added); "Remand – not deference -- is the appropriate treatment when "the grounds upon which the administrative agency acted [are not] clearly disclosed and adequately sustained." *Cordova*, 759 F.3d at 338 (quoting *SEC v. Chenery Corp*., 318 U.S. 80, 94 (1943)). Although our standard of review is deferential to an agency's considered determination, it does not authorize us to excuse misapplication of the law or to create a post hoc justification for an unexplained conclusion. We must require agencies to do their jobs so that we can do ours."

[18] https://www.ca4.uscourts.gov/opinions/204182.P.pdf ; We cannot substitute our own "guess at the district court's rationale." *Carter*, 564 F.3d at 329. The district court's failure to address this non-frivolous argument hinders our ability to provide "meaningful appellate review" and is therefore procedurally unreasonable. *Id.* at 330.

[19] https://scholar.google.com/scholar_case?case=2602300711871636990&

[20] https://scholar.google.com/scholar_case?case=2009394508965413772&

process — an essential component in our structure of self-government." *Globe Newspaper Co. v. Superior Ct. for Norfolk Cty.*, 457 U.S. 596, 606 (1982).

Lukashin points out that there are well-recognized exceptions to the purportedly categorical rule quoted above, see **US v. Dreyer**, 804 F.3d 1266, 1277–78 (9th Cir. 2015) (en banc)[21] (rule of waiver is a discretionary one); **Kaass Law v. Wells Fargo**, 799 F.3d 1290, 1293 (9th Cir. 2015)[22] (waiver rule's exceptions); **US v. Henry,** 984 F. 3d 1343, 1354–55, 57–58 (9th Cir. 2021)[23]; **US v. Grimaldo**, 984 F. 3d 876, 880 (9th Cir. 2021)[24] (discussing waiver & forfeiture); <u>**US v. Pallares-Galan**, 359 F.3d 1088, 1095 (9th Cir. 2004)[25] line of cases;</u> **US v. Fomichev,** 909 F.3d 1078–79 (9th Cir. 2018)[26] (amending opinion to replace "do not" with "decline"); **Villanueva v. California**, 986 F. 3d 1158, 1164 n. 4 (9th Cir. 2021)[27]; **Irving Firemen's Relief & Ret. Fund v. Uber Tech.**, 998 F. 3d 397, 403 n. 3 (9th Cir. 2021)[28] ("we may address…a purely legal question"); **Lemmon v. Snap**, No. 20-55295, p. 10 n. 2 (9th

---

[21] https://scholar.google.com/scholar_case?case=16332912792314699141&
[22] https://scholar.google.com/scholar_case?case=17942500934593762575& ; cited recently by **Meadow v. Goodrich Corp.**, No. 20-16753, p. 2 (9th Cir. July 13, 2021) (mem.) (for a different point of law)
[23] https://scholar.google.com/scholar_case?case=2223975532298453400&
[24] https://scholar.google.com/scholar_case?case=10300256875756740474&
[25] https://scholar.google.com/scholar_case?case=6440658983276741225& (authored by late Judge Reinhardt: "As the Supreme Court has made clear, it is claims that are deemed waived or forfeited, not arguments. In *Lebron v. Nat'l Railroad Passenger Corp.*, the Court held that an argument that petitioner expressly disavowed before the lower courts, and did not raise until after certiorari was granted, was not waived and should be addressed in the normal course. 513 U.S. 374, 115 S.Ct. 961, 130 L.Ed.2d 902 (1995)."
[26] https://scholar.google.com/scholar_case?case=1853987921286245163&
[27] https://scholar.google.com/scholar_case?case=4049332452629421156&
[28] https://scholar.google.com/scholar_case?case=14542247760278402643&

Cir. May 4, 2021)[29] (discretion to reach an issue "purely one of law"); *accord* **Wong v. Flynn-Kerper**, No. 19-15289, p. 18 n. 11 (9th Cir. Jun 7, 2021)[30].

*See also* **Noguera v. Davis**, p. 48 n. 9 (9th Cir. July 20, 2021)[31]; *CFTC v. Monex*, No. 21-55002, p. 2 (9th Cir. July 20, 2021)*[32]*; and **Bahr v. Reagan**, No. 20-70092, pp. 23–24 n. 12 (9th Cir. July 28, 2021)[33].

It appears that the Ninth Circuit continues to play TEGWAR[34] with **predominantly**[35] *pro se* appellants, notwithstanding **United States v. Qazi**, 975 F. 3d 989, 992–93 (9th Cir. 2020)[36] (longstanding duty to construe *pro se* filings liberally). *Cf. also* **Ebmeyer v. Brock**, No. 19-2065, p. 16 (7th Cir. Aug. 25, 2021)[37] ("courts must insure that the claims of a *pro se* litigant are given fair and meaningful consideration. *Schilling*, 805 F.2d at 277"); **Harris v. US**, No. 19-3363, pp. 6–9 (7th Cir. Sep. 10, 2021)[38] (reaching an

---

[29] https://cdn.ca9.uscourts.gov/datastore/opinions/2021/05/04/20-55295.pdf
[30] https://cdn.ca9.uscourts.gov/datastore/opinions/2021/06/07/19-56289.pdf
[31] https://cdn.ca9.uscourts.gov/datastore/opinions/2021/07/20/17-99010.pdf ; citing *In re Riverside-Liden Inv. Co.*, 945 F.2d at 324. *See also Noguera*, pp. 24, 27 n. 5
[32] https://cdn.ca9.uscourts.gov/datastore/memoranda/2021/07/20/21-55002.pdf ; Lukashin's publication request denied; noting: "we have discretion to conclude that issues are waived or forfeited. *See United States v. Macias*, 789 F.3d 1011, 1017 n.3 (9th Cir. 2015); *United States v. Depue*, 912 F.3d 1227, 1232 (9th Cir. 2019) (en banc)".
[33] https://cdn.ca9.uscourts.gov/datastore/opinions/2021/07/28/20-70092.pdf ; "We therefore think it advisable to address the merits, despite our holding that Petitioners forfeited this argument"
[34] *See* **Ramirez-Alejandre**, *infra* (The Amazing Game Without Any Rules)
[35] *Cf.* **Butterfly v. Benefis Health System**, No. 20-35257 (9th Cir. Feb. 22, 2021); despite the problematic categorical statement purportedly supported by *Padgett*, (at p. 4), appellant obtained relief ("vacated and remanded").
[36] https://scholar.google.com/scholar_case?case=16155723586028888812& ; "It is an entrenched principle that pro se filings "`however inartfully pleaded' are held `to less stringent standards than formal pleadings drafted by lawyers.'" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Hamilton v. United States*, 67 F.3d 761, 764 (9th Cir. 1995). We are specifically directed to "construe pro se pleadings liberally." *Hamilton*, 67 F.3d at 764."
[37] http://media.ca7.uscourts.gov/cgi-bin/rssExec.pl?Submit=Display&Path=Y2021/D08-25/C:19-2065:J:Rovner:aut:T:fnOp:N:2752622:S:0
[38] http://media.ca7.uscourts.gov/cgi-bin/rssExec.pl?Submit=Display&Path=Y2021/D09-10/C:19-3363:J:Brennan:aut:T:fnOp:N:2761029:S:0

issue raised in a *pro s*e reply brief, excusing forfeiture). *See also* **Simmons v. US**, No. 20-1704, pp. 1, 3–4 (U.S. Nov. 1, 2021)[39] (Statement of Justice Sotomayor)

> I write separately to stress that the Sixth Circuit's parsimonious reading of Simmons' *pro se* motion appears contrary to our longstanding instruction that *pro se* filings must be "liberally construed." *Estelle v. Gamble*, 429 U. S. 97, 106 (1976).

Mr. Briggs was *pro se* herein.

Yet TEGWAR violates Due Process, **Ramirez-Alejandre v. Ashcroft**, 320 F.3d 858, 860, 864–65, 872–75 (9th Cir. 2003) (en banc)[40] (violation of procedural due process based on a purported categorical rule not applied to others). *Compare also* **Taite v. Bridgewater State Univ., Bd. of Trustees**, 999 F.3d 86, 94–96 (1st Cir. 2021)[41] (difference in instructions received support evidence of pretext and discriminatory animus); **Southwest Fair Housing Council v. MDWID**, No. 20-15506 (9th Cir. Aug. 23, 2021)[42] (framework for disparate impact and disparate treatment claims).

As **Lopez-Marroquin v. Garland**, No. 18-72922 (9th Cir. Aug. 18, 2021)[43] reminded,

> A three-judge panel may not overrule circuit precedent unless a Supreme Court case has "undercut the theory or reasoning underlying the . . . precedent in such a way that the cases are clearly irreconcilable." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003). The clearly irreconcilable requirement is "a high standard."

*See also* **Diaz-Rodriguez** and **Nichols**, *supra*.

---

[39] https://www.supremecourt.gov/opinions/21pdf/20-1704_09m1.pdf
[40] https://scholar.google.com/scholar_case?case=17466957621343147561&
[41] https://scholar.google.com/scholar_case?case=61191597675184664204&
[42] https://cdn.ca9.uscourts.gov/datastore/opinions/2021/08/23/20-15506.pdf
[43] https://scholar.google.com/scholar_case?case=10397986628557952517&

Due to circuit law conflict, Circuit Rule 36-2(a) & (d), publication[44] is requested.

For a much more detailed discussion of the pervasive *Padgett* issue, please see Lukashin's request to publish No. 20-16083, *Dahlin v. Frieborn*[45], filed July 26, 2021, and available via PACER as Dkt: 75 (denied within two (!) hours by clerk):

```
05/28/2021  73  FILED MEMORANDUM DISPOSITION (SIDNEY R. THOMAS, ERIC D. MILLER and JANE A. RESTANI) AFFIRMED
                in part, REVERSED in part, and REMANDED. The parties shall bear their own costs on appeal. FILED AND
                ENTERED JUDGMENT. [12127743] (MM) [Entered: 05/28/2021 09:07 AM]
06/21/2021  74  MANDATE ISSUED.(SRT, EDM and JAR) [12148719] (NAC) [Entered: 06/21/2021 09:28 AM]
07/27/2021  75  Filed non-party filer request for publication of memorandum. [12183738] (NAC) [Entered: 07/27/2021 08:52 AM]
07/27/2021  76  Filed text clerk order (Deputy Clerk: OC): Non-party's request for publication of the memorandum disposition [58], is
                denied. [12183897] (OC) [Entered: 07/27/2021 10:09 AM]
```

Alas, the government is at times resistant to admit its mistakes, *see generally* **Ibrahim v. Us Dept. Of Homeland Sec.,** 912 F.3d 1147 (9th Cir. 2019)[46]. As Circuit Judge Bennett recently noted, concurring in **Alam v. Garland**, No. 19-72744, pp 13–20 (9th Cir. Sep. 8, 2021)[47] (en banc), p. 13 n. 1, "the rules I highlight below are potential candidates for reconsideration by three-judge panels pursuant to the directive of our en banc court in *Miller v. Gammie*, 335 F.3d 889, 899–900 (9thCir. 2003) (en banc)". Judge Bennett identified "four examples of rules ingrained in our caselaw

that we have continued to apply", noting "[t]here way well be others… that … have no place in our jurisprudence" **Alam**, p. 20.

---

[44] *Cf.* **Urbina v. National Business Factors Inc.**, 979 F. 3d 758, 760 (9th Cir. 2020) (filing a replacement opinion)
[45] https://cdn.ca9.uscourts.gov/datastore/memoranda/2021/05/28/20-16083.pdf
[46] https://scholar.google.com/scholar_case?case=12151747648996065932&
[47] https://cdn.ca9.uscourts.gov/datastore/opinions/2021/09/08/19-72744.pdf

8

This Court held that Due Process requires a full statement of reasons, **Kashem v. Barr**, 941 F.3d 358, 382–83 (9th Cir. 2019)[48]; **Zerezghi v. USCIS**, 955 F.3d 802, 808–09, 810–11, 813 (9th Cir. 2020)[49]. Mr. Briggs and the public deserve to know the true, valid reasons this panel decided to "not consider" arguments "raised for the first time on appeal" *Briggs*, 3.

Furthermore, *Briggs* panel advised "No further filings will be entertained in this closed case." at 3. However, Lukashin doesn't read it as precluding this publication request, authorized by Circuit Rule 36-4 (or, for that matter, any petition for rehearing or rehearing *en banc* Mr. Briggs may have filed herein). The Court should explain its decision and provide supporting authority enabling it to preclude filings authorized by FRAP and Circuit Rules.

| | |
|---|---|
| Igor Lukashin, *pro se* <br> igor_lukashin@comcast.net <br> PO Box 5954, Bremerton, WA 98312 <br> (360) 447-8837 | *s/* Igor Lukashin <br> Signature <br> November 5, 2021 |

I certify that I electronically filed this using prose_pleadings@ca9.uscourts.gov e-mail[50], sending a copy to the e-mail addresses in the service list for this case.

| | |
|---|---|
| DATED <br> this 5th day of November, 2021. | *s/ Igor Lukashin* <br> Signature |

---

[48] https://scholar.google.com/scholar_case?case=15645173269376614555&
[49] https://scholar.google.com/scholar_case?case=15746947704168914344&
[50] *See* https://cdn.ca9.uscourts.gov/datastore/general/2021/08/09/Covid-Updates.pdf (revised 9/13/21), p. 1: "If unrepresented litigants have access to email, they are encouraged to submit their filings, including petitions for review and all other pleadings, as PDF attachments, directly to the Court at this email address: prose_pleadings@ca9.uscourts.gov"